THOMAS J. HUFF, Respondent, v. JOHN H. THURMAN, Appellant.

**St. Louis Court of Appeals, February 7, 1899.**

1. **Practice, Appellate.** The case at bar was contested on both sides and was submitted to the jury upon the theory that plaintiff owned the note at the time he delivered it to the defendant. Having tried the case in that way it is now too late for the defendant to say that the case ought to have been submitted on a different theory.

2. **Practice, Trial.** Where the damages are unliquidated and the triers of the fact differ as to the amount, verdicts which are the results of compromise, are unobjectionable; but where the amount of recovery is fixed, such findings are to be condemned.

*Appeal from the Lincoln Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

AFFIRMED.

NORTON, AVERY & YOUNG for appellants.

This being a suit to recover the contract price on a sale of the note, before he can recover all the elements of a sale must be proven—i. e.: Parties competent to contract, mutual consent and absolute property in the thing transferred. Martin v. Ashland Mill Co., 49 Mo. App. 23. The note having been made payable to T. J. Huff and George Shoultz, as testified by Pennington, T. J. Huff did not have *prima facie* absolute property in the note he alleges to have sold to Thurman for $80. There was absolutely no proof that Huff had acquired the interest of Shoultz in the note either by proof of indorsement on the note or otherwise. "The holder of a negotiable note can not recover against the maker without pleading and proving that he purchased from the payee or some one deriving title through him." Mechanics'

Bank v. Donnell, 35 Mo. 373; National Bank of Commerce v. Pennington, 42 Mo. App. 355. Even if the original note had been indorsed as transferred in writing by Shoultz, proof of the genuineness of the indorsement is requisite in order to show a *prima facie* title to the note. Worrell v. Roberts, 58 Mo. App. 197; Mayes v. Old, 51 Mo. App. 214; Reinhard v. Dorsey Coal Co., 25 Mo. App. 352; Bank of Commerce v. Pennington, 42 Mo. App. 355. Where an article is entirely worthless when purchased, there is a total failure of consideration. Comings v. Leedy, 114 Mo. 454. This note, without the indorsement or transfer of Shoultz was entirely worthless to Thurman, and the contract, if any, made with Huff by Thurman was without consideration. And a renewal note given to Thurman for said note would be void. Comings v. Leedy, 114 Mo. 454.

No brief filed for respondent.

BIGGS, J.—The plaintiff claims to have made a conditional sale of a note to defendant. The contract as stated in the complaint is that plaintiff held a note against one Pennington; that he delivered it to defendant under an agreement that the latter should either collect it or induce Pennington to give a renewal note; that if defendant succeeded in collecting the note he was to charge for his services ten per cent on the amount collected, but if he failed to collect it and could induce Pennington to give the new note, then the defendant was to pay plaintiff $80 and keep the new note. The testimony of the plaintiff supports the contract as alleged, and he is partially corroborated by another witness. It was conceded that the defendant failed to collect the note and that he had succeeded in procuring from Pennington a new note, which was made payable to defendant. The defendant testified that he held the old note merely for collection, and that he procured the new note at the suggestion of

the plaintiff. He introduced several witnesses who testi-fied that the plaintiff had stated to them that defendant had the note for collection only. The jury returned a verdict for the plaintiff for $44.20, upon which the court entered a judgment. The defendant has appealed.

At the instance of the plaintiff the court instructed in substance that if the plaintiff sold the note to defendant for the agreed price of $80, to be paid when the defendant col-lected the note or procured a new note from Pennington, payable to himself, and that defendant did so obtain a new note, then the plaintiff was entitled to a verdict for $80 with interest, etc. The defendant claims that this instruction ought not to have been given, and further that under no cir-cumstances was the plaintiff entitled to recover for the reason that the uncontradicted evidence was that the old note was payable to plaintiff and one George Shoultz and there was no testimony that Shoultz had parted with his in-terest in the note or that he had consented to the alleged agreement between the plaintiff and defendant in reference to it. In the examination of Pennington in rebuttal he made the statement that the original note was payable to plaintiff and Shoultz. No attention was paid to this statement, but the cause was further contested on both sides and was submitted to the jury upon the theory that the plaintiff owned the note at the time he delivered it to the defendant. Having tried the case in that way it is now too late for the defendant to say that the case ought to have been submitted on a different theory. This is in accordance with the well settled rules of appellate practice.

The defendant complains of the refusal of the circuit court to give the following instructions: "If the jury be-lieves from the evidence that John H. Thurman contracted with plaintiff to give him $80 for the note provided he could get a renewal note with Wash Colbert as security on said

note, and he did not and has not to the time of the institution of this suit acquired such renewal note, then the judgment should be for the defendant." This instruction was properly refused for the reason that there is no evidence to support it. The instruction is predicated on a statement made by plaintiff to the effect that after the contract had been made between him and the defendant, the latter said that he intended to have Pennington give a new note with Wash Colbert as surety. This is no evidence that the defendant bought the note on the condition that Pennington would give a new note with Colbert as an indorser, unless we hold that the testimony of the plaintiff that this was *not* made a condition is some evidence that it *was.* This of course, we could not do.

The verdict was evidently the result of a compromise. Under the issues as found by the jury the plaintiff was entitled to recover double the amount of the verdict. Where the damages are unliquidated and the triers of the fact differ as to the amount, such verdicts are unobjectionable. In cases where the amount of the recovery is fixed, such findings are to be condemned. If the plaintiff here was the appellant, we would have to interfere. The only argument open to the defendant is that the finding indicates bias or prejudice on the part of the jurors in determining his liability. There would be force in this were the plaintiff's case not well supported by the evidence. With the concurrence of the other judges, the judgment of the circuit court will be affirmed.